IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL C TIERNEY,

    Plaintiff,

v.                                                                        CASE NO. 1:14-cv-60-MP-GRJ

STANLEY H. GRIFFIS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael C Tierney, a prisoner presently confined at North Florida Evaluation and Treatment Center (NFETC), initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. Plaintiff is in custody pending criminal charges in Sarasota County, and has been transferred to NFETC for competency evaluation in connection with the pending charges. Doc. 1, Ex. 1; *See Tierney v. Sarasota County Jail*, Case. No. 1:14-cv-33-MP-GRJ (Doc. 4, 3/13/2014, R&R). The Complaint asserts that Judge H. Griffis, III, a Circuit Court Judge of the Eighth Judicial Circuit, is denying Plaintiff access to the courts.

Plaintiff is not entitled to bring this case *in forma pauperis* because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]  Accordingly, Plaintiff is barred

---

[1]*See See Tierney v. Sarasota County Jail*, Case. No. 1:14-cv-33-MP-GRJ (3/13/2014) (R&R recommending dismissal pursuant to three strikes bar); *Tierney v.*

from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry with regard to whether a prisoner is under imminent danger is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege any facts showing that Plaintiff is in imminent danger of serious physical injury. Rather, Plaintiff makes only conclusory allegations that he is being denied access to the courts by a state court judge. Accordingly, Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and

---

*Kasper,* Case No. 8:14-cv-441-T-23TBM, Doc. 4 (M.D. Fla. Feb. 25, 2014) (imposing three-strikes bar and citing Plaintiff's nine previous Middle District dismissals that qualify as strikes or in which the three-strikes bar was imposed).

failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In addition to the three strikes bar, the complaint is due to be dismissed because Plaintiff brings a claim against an individual who is immune from suit. The claim against Judge Griffis is barred by the doctrine of absolute judicial immunity because the complaint challenges the conduct of a judge during the performance of his duties. Doc. 1, Ex. A. It is well settled that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted.) Thus, absolute judicial immunity applies to all of the judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED** and all pending motions should be terminated. Further, because Plaintiff's claim against Judge Griffis is barred by absolute judicial immunity this case should be **DISMISSED with prejudice**. The dismissal counts as a strike pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 16th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**